IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| REBEL STEINER AKERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 5:22-00136 |
| v. ) | |
| ) | |
| WARDEN HECKARD, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 14, 2022, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Memorandum in Support, and Affidavit. (Document Nos. 1 - 3.) Specifically, Petitioner claims that the "DHO denied [his] Due Process Rights in a disciplinary proceeding by finding [Petitioner] guilty when there was no evidence of [his] involvement or participation in the record." (Document No. 1.) As relief, Petitioner requests that the incident report be expunged and the Court restore his 27 days of lost good time credit. (Id.) On March 21, 2022, Petitioner paid the $5.00 filing fee. (Document No. 6.) By Order entered the same day, the undersigned directed the Respondent to file an Answer to the allegations contained in Petitioner's Petition and Memorandum in Support. (Document No. 7.)

On April 13, 2022, Respondent filed a Response. (Document No. 14.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner received the rights afforded pursuant to Wolff" (Id., pp. 7 – 8); and (2) There was "some evidence" to support

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the decision by the DHO (Id., pp. 8 – 10.) As Exhibits, Respondent attaches the following: (1) The Declaration of Eric Harvey (Document No. 9-1, pp. 2 – 5.); (2) A copy of Petitioner's Incident Report (Id., pp. 7 – 9.); (3) A copy of the Notice of Discipline Hearing Before the DHO dated August 19, 2021 (Id., p. 11.); (4) A copy of the Inmate Rights at Disciplinary Hearing dated August 19, 2021 (Id., p. 13.); and (5) A copy of the DHO Report dated September 2, 2021 (Id., pp. 15 – 18.).

By Order and Notice entered on April 14, 2022, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 10.) On May 23, 2022, Petitioner filed a Motion to Respond and his Declaration in Response.[2] (Document Nos. 11 – 12.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested

---

[2] It is hereby **ORDERED** that Petitioner's Motion to Respond (Document No. 11) is **DENIED as moot**. Petitioner clearly filed his timely Declaration in Response on the same day as the foregoing Motion. (Document No. 12)

relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences,[4] and therefore, his Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on February 2, 2024.

[4] Even assuming Petitioner's Petition has merit, good conduct time cannot be applied to his completed term of imprisonment nor any term of supervised release. *See United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000); *also see Kokoski v. Small*, 2008 WL 3200811 (S.D.W.Va. Aug. 5, 2008)("[T]he amount of GCT credit towards Petitioner's prior sentences has no effect on the time he will serve on supervised release, or on any term of imprisonment he could receive in the future, should his supervised release be revoked.")

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: April 8, 2024.

Omar J. Aboulhosn
United States Magistrate Judge